**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Drive, Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEVAROV, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHWEST COLLECTION SERVICE, INC., <br><br> Defendant. | Case No. 8:22-cv-00238 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.** <br><br> **2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW COMES Plaintiff, MICHAEL NEVAROV ("Plaintiff"), by and through his attorneys, complaining as to the conduct of SOUTHWEST COLLECTION SERVICE, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides in the Central District of California and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Central District of California.

## PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Orange County, California, which is located within the Central District of California.

5. Defendant "is a well-established boutique corporation at the forefront of innovation in the accounts receivable industry."[1] Defendant is a third-party debt collector organized under the laws of the state of California, with its principal place

---

[1] https://www.scs-1.com/about-us/

of business and registered agent – David M. Rients – located at 1111 East Katella Avenue, Suite 260, Orange, California 92867.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. During the winter of 2021, Plaintiff received an alert that there was a negative collections account appearing on his credit report.

8. Plaintiff was taken aback by this information, so he accessed his credit report and discovered an entry bearing Defendant's name, who was reporting in an active collection status a purported medical debt ("subject debt") originally incurred with *Emergency Ambulance Service Inc.* ("EAS").

9. At the time Plaintiff obtained medical services from EAS, Plaintiff was assured that his expenses would be covered by his medical insurance provider.

10. Accordingly, in January 2022, Plaintiff contacted Defendant via telephone and relayed this information, along with the fact that Plaintiff disputed owing the subject debt.

11. Rather than notate Plaintiff's dispute and inform EAS of the same, Defendant's representative dismissively rejected Plaintiff's information.

12. In February, 2022, Plaintiff checked his credit report to ensure that Defendant was no longer reporting the subject debt, but much to his dismay, not only was

Defendant reporting the subject debt in an active collection status, but Defendant also failed to notate that the subject debt was being disputed by Plaintiff, as seen below:

```
SOUTHWEST COLLECTION SVC
12944**

Address                                 Phone
PO BOX 6349 ORANGE, CA 92863-6349       (714) 532-6651

Date Opened                             Responsibility
06/21/2019                              Joint Account

Account Type                            Loan Type
Open Account                            COLLECTION AGENCY/ATTORNEY

Balance                                 Date Updated
$2,084                                  02/02/2022

High Balance                            Original Creditor
$1,495                                  EMERGENCY AMBULANCE SERVICE IN

Past Due                                Pay Status
$2,084                                  >Collection<

Estimated month and year this item will be   Remarks
removed                                      >PLACED FOR COLLECTION<
12/2024
```

*See* attached Exhibit A for relevant page(s) from Plaintiff's Trans Union credit report.

13. Plaintiff was perplexed by Defendant's failure to communicate to Trans Union that the subject debt was disputed, especially given the fact that Defendant re-reported the subject debt to Trans Union on February 2, 2022, which was after Plaintiff's dispute with Defendant. *See Id.*

14. To date, Defendant has failed to notify Trans Union regarding Plaintiff's dispute of the subject debt, and has continued to disseminate false information regarding Plaintiff to third parties.

15. Frustrated with Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding his rights, resulting in expenses.

16. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him by falsely communicating information regarding the subject debt to credit reporting agencies, and ultimately cause unwarranted harm to his credit or otherwise harm him economically.

17. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, Defendant's inaccurate reporting has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding accounts that remain unpaid and are acknowledged by Plaintiff.

18. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

19. Defendant's conduct and disputed credit reporting has caused Plaintiff additional concrete harm, including but not limited to: a decreased credit score, the dissemination of false information to one or more third parties, the exacerbation of his physical and medical symptoms, loss of sleep, expending time addressing and dealing with Defendant's confusing and false conduct, and a violation of his state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1980.[2]

24. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **i.    Violations of 15 U.S.C § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

---

[2] https://me.acainternational.org/Membership/Membership-Directory/Company-Member-Directory/Company-Details?accountid=%7B2D4AF3C7-4442-EC11-8C62-000D3A5B843C%7D

6

26. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

27. Defendant violated 15 U.S.C. §§ 1692e, e(8), and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was false and misleading for Defendant to report the subject debt to Trans Union in an active collection status, when not only did Plaintiff not owe the subject debt, but he explicitly disputed the same directly with Defendant. Yet, Defendant failed to communicate Plaintiff's dispute to the credit reporting agencies. Consequently, Defendant knowingly communicated false and incomplete credit information to Trans Union, knowing it would affect Plaintiff's creditworthiness and ultimately force Plaintiff into making payment on a disputed debt that he did not owe.

### ii.    Violations of FDCPA § 1692f

28. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect upon the subject debt through its credit reporting. Plaintiff did not owe the subject debt, as he was fully insured as the time he obtained medical services from

7

EAS. Plaintiff informed Defendant of this information, but rather than being mindful of this dispute, Defendant rejected Plaintiff's contentions and knowingly continued to unfairly report false and incomplete information to the credit bureaus.

30. Furthermore, Defendant's conduct is also in violation of 15 U.S.C. § 1681s-2(a)(3) of the Fair Credit Reporting Act ("FCRA"); and while the FCRA itself does not afford Plaintiff any private remedies for violations under this provision, Defendant's willful abuse of the same is further evidence of its unfair and unconscionable behavior.

31. As pled in paragraphs 15 through 19, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MICHAEL NEVAROV, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt, and from further credit reporting of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

34. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

35. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

36. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

### i. Violations of the FDCPA § 1692e

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8) (emphasis added); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

39. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(8), and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was false and misleading for Defendant to report the subject debt to the CRAs as a past due account, when not only did Plaintiff not owe the subject debt, but he explicitly disputed the same directly with Defendant. Yet, Defendant failed to fix its errors, and continued to knowingly communicate false and incomplete credit information to the CRAs, knowing it would affect Plaintiff's creditworthiness.

### ii. Violations of FDCPA § 1692f

40. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect upon the subject debt through its credit reporting. Plaintiff disputed owing the subject debt, as his insurance provider was to cover any medical expenses associated with the subject debt. In spite of Plaintiff's efforts to dispute the subject debt, Defendant has continued to unfairly report false information to the CRAs.

42. Defendant willfully and knowingly violated the RFDCPA. Defendant was aware of Plaintiff's dispute and affirmatively informed him that it would not mark the account as disputed. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

43. As plead in paragraphs 15 through 19, *supra,* Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MICHAEL NEVAROV, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: February 15, 2022             Respectfully submitted,

By: /s/ Neda Farah
Neda Farah, Esq.
**FARAH LAW, P.C.**
265 S. Doheny Drive. Suite 102

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com